**NORRIS McLAUGHLIN, P.A.**
Edward G. Sponzilli, Esq. (Attorney ID: 013701975)
Richard J. Birch, Esq. (Attorney ID: 322842020)
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807
General: 908-722-0700
*Attorneys for Defendant,*
*University Behavioral Health Care, a non-suable constituent unit of Rutgers, The State University of New Jersey*

| | |
|---|---|
| JOHN FAKLA,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY BEHAVIORAL HEALTH CARE (UBHC); PISCATAWAY POLICE DEPARTMENT; JOHN DOE OFFICERS 1-10; and JANE DOE AGENTS 1-10.<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO:<br><br>ELECTRONICALLY FILED<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, University Behavioral Health Care (a non-suable constituent unit of Rutgers, The State University of New Jersey) ("UBHC" or the "Removing Defendant"), hereby removes this action, with full reservation of all defenses, which had been pending in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-3942-25 (the "Subject Action"), to the United States District Court for the District of New Jersey, and states as follows:

1. <u>Complaint</u>. On or about June 27, 2025, John Fakla ("Plaintiff"), filed a *pro se* Verified Complaint against UBHC, asserting, *inter alia*, violations of the United States Constitution. <u>See</u> Complaint at Count One, paragraph 14. A copy of the Complaint is attached hereto as **Exhibit A**. On June 30, 2025, Plaintiff also filed an Affidavit of Indigency. Attached hereto as **Exhibit B** is the Affidavit of Indigency.

2. On July 1, 2025, the Superior Court granted Plaintiff's request and entered an Order for Indigency. Attached hereto as **Exhibit C** is the Court's Order for Indigency.

3. Order to Show Cause. On or about June 27, 2025, Plaintiff filed an *ex parte* Order to Show Cause ("OTSC") against UBHC and Piscataway Police Department seeking a temporary restraining order prohibiting Defendants from "approaching, surveilling, or contacting Plaintiff in any manner" and a permanent injunction "barring all further harassment and unlawful conduct by Defendants." Attached hereto as **Exhibit D** is Plaintiff's OTSC.

4. On July 16, 2025, the Superior Court *ex parte* partially granted Plaintiff's *ad interim* restraints pursuant to his Order to Show Cause. Attached as **Exhibit E** is the Court's July 16, 2025, Order.

5. Basis for Jurisdiction in this Court. This District Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Consent. UBHC is the Removing Defendant and consents to removal. Upon information and belief, the remaining defendant (the Piscataway Police Department) has not yet been served as no proof of service has been filed. The consent of defendants who have not been served, or who have not been properly served, is not required for removal. 28 U.S.C. § 1446(b)(2)(A).

7. Notice Given. The Removing Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, and serve same as set forth in the Declaration of Service submitted herewith. See 28 U.S.C. § 1446(d).

8. <u>Removal is Timely</u>. This Notice of Removal is signed pursuant to <u>Fed. R. Civ. P. 11</u> and is timely filed within 30 days after July 17, 2025, the date the Removing Defendant received a copy of Plaintiff's Verified Complaint. <u>See</u> 28 U.S.C. § 1446(b).

9. <u>Pleadings and Process</u>. As required by 28 U.S.C. § 1446(a), the Removing Defendant has attached as **Exhibit F** to this Notice of Removal "a copy of all process, pleadings, and orders served upon" it in the Subject Action.

10. <u>Prerequisites</u>. Removing Defendant has met the prerequisites for removal under 28 U.S.C. § 1441.

11. <u>Venue</u>. Removal to the United States District Court for the District of New Jersey is appropriate because the Subject Action is being removed from the Superior Court of New Jersey, Middlesex County, which is located within the District of New Jersey.

12. <u>Defenses</u>. By removing the Subject Action to this Court, the Removing Defendant does not waive any defenses available to them, including, without limitation, insufficient process and service of process.

13. If any question arises as to the propriety of the removal of the Subject Action, the Removing Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE**, the Removing Defendant respectfully requests that this Notice of Removal be filed; that the Subject Action in the Superior Court of New Jersey, Middlesex County, be removed to this District Court; and that no further proceedings be had in the Superior Court of New Jersey, Middlesex County.

                                      **NORRIS McLAUGHLIN, P.A.**
                                      Attorneys for Defendant,
                                      University Behavioral Health Care (a non-suable constituent unit of Rutgers, The State University of New Jersey)

                                      By:   */s/ Edward G. Sponzilli*
                                                Edward G. Sponzilli

Dated: July 25, 2025

## **LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding, except that Removing Defendant is aware that paragraph 11 within Plaintiff's Complaint references a matter involving non-parties, captioned <u>Fakla v. Middlesex County Prosecutor, et al.</u>, Docket No.: MID-L-1679-23, which Plaintiff claims is related in that it "raises concerns that the recent actions are retaliatory or harassing in nature."

Dated:  July 25, 2025                /s/ Edward G. Sponzilli
                                     Edward G. Sponzilli