**NORRIS McLAUGHLIN, P.A.**
Edward G. Sponzilli, Esq. (Attorney ID: 013701975)
Richard J. Birch, Esq. (Attorney ID: 322842020)
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807
General: 908-722-0700
*Attorneys for Defendant,*
*Rutgers, The State University of New Jersey*
*(misidentified in Plaintiff's Complaint as University Behavioral Health*
*Care, a non-suable constituent unit of Rutgers)*

| | |
|---|---|
| JOHN FAKLA, | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF |
| Plaintiff, | NEW JERSEY |
| vs. | |
| | CIVIL ACTION NO: 2:25-cv-13764 |
| UNIVERSITY BEHAVIORAL HEALTH CARE (UBHC); PISCATAWAY POLICE DEPARTMENT; JOHN DOE OFFICERS 1-10; and JANE DOE AGENTS 1-10. | ELECTRONICALLY FILED |
| | **DECLARATION OF MICHELE MILLER IN SUPPORT OF RUTGERS' EMERGENT APPLICATION TO VACATE TEMPORARY RESTRAINTS** |
| Defendants. | |

I, MICHELE MILLER, MSN, RN, declare under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am Vice President of Acute Services, Nursing Service, and the Child Division at University Behavioral Health Care ("UBHC") a constituent unit of Rutgers, The State University of New Jersey ("Defendant" or "Rutgers"). Middlesex Screening Service is included in my role as Vice President for Emergency Services.

2. I make this Declaration in support of Rutgers' Motion to Vacate a State ex parte issued order of temporary restraints previously entered by The Honorable J. Randall Corman, J.S.C. of the Superior Court of New Jersey, Middlesex Vicinage on July 16, 2025, under Docket No. MID-L-3942-25 (the "State Court Action").

3. On July 30, 2025, Rutgers UBHC was contacted by the New Jersey Office of Homeland Security & Preparedness ("Homeland Security"), first by phone and then by follow-up email to request a screening of <u>Pro Se</u> Plaintiff John Fakla ("Plaintiff") in light of a Facebook post by Plaintiff that Homeland Security determined that outreach is necessary. A true and accurate copy of the Facebook post is annexed hereto as **Exhibit "A"**.

4. Rutgers requests that this Court vacate the temporary restraints previously entered in the State Court Action in order to conduct a screening of Plaintiff, as requested by Homeland Security and authorized by <u>N.J.S.A.</u> 30:4-27-1 <u>et</u> <u>seq.</u> (the "NJ Screening Law"), to prevent potential harm against individuals referenced in Plaintiff's Facebook post.

5. As a matter of practice, in a crisis situation, UBHC does not enter a person's home without a police escort. Police summon the resident. If the resident does not respond, a doorbell may be pressed, or there may be knocking on the door by police.

6. When a person is deemed as a potential danger to themselves or others, this person can be evaluated, pursuant to <u>the New Jersey Screening Law</u>, in order to protect the public and the screened individual who may be at risk.

7. The purpose of the NJ Screening Law is to ensure that individuals with serious mental illness receive prompt, appropriate assessments and treatment. Screening services are designed both as preventative (diversion from unnecessary hospitalization) and protective (identifying those requiring involuntary care).

8. The State of New Jersey, Department of Human Services has designated Rutgers UBHC as the screener for the County of Middlesex. As such, Rutgers UBHC has an affirmative duty pursuant to the NJ Screening Law to conduct a screening when an imminent threat to an individual's self or others exists.

9. I understand that the State Court Action issued temporary restraints against Rutgers UBHC without consideration of any of these factors.

10. These restraints prevent Rutgers UBHC from carrying out its statutory duty to protect the public interest as the State-designated screener for Middlesex County (where Mr. Fakla resides).

11. To my knowledge, Rutgers UBHC was not provided notice of Plaintiff's application for *ad interim* restraints.

12. Plaintiff's Verified Complaint does not support why, under any circumstances, Rutgers UBHC should not interact with Plaintiff when, for example, Plaintiff is alleged to have violated the law or pose a threat to himself and/or others.

13. The sweeping nature of the restraints prevents Rutgers UBHC from carrying out its statutory responsibilities to conduct an assessment under the NJ Screening Law and determine if the subject of the screening warrants further evaluation or action.

14. Temporary restraints prevent public entities, to wit, law enforcement and screeners, from executing statutory obligations, negatively impacting the public.

I hereby declare under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                 DocuSigned by:
                                                 *Michele Miller*
                                                 B84BE43A1C9240B...
                                             Name: Michele Miller, MSN, RN

                                             Title: Vice President of Acute Services, Nursing Service, and the Child Division, Rutgers University Behavioral Health Care

Dated: 8/1/2025