



**PROOF OF SERVICE BY MAIL**

I, John Fakla, certify as follows:

1. On **July 10, 2025**, I served the following documents by **regular mail** and/or **certified mail, return receipt requested**:

   o  **Certification of Good Cause in Support of Reassignment to a Higher Track**

   o  **Track Assignment Notice dated June 30, 2025**

2. I mailed true copies of these documents to the following parties at the addresses listed below:

**[Example – Insert actual names and addresses from your complaint]**

- **University Behavioral Health Care**
  Attn: Legal Department or Administrator
  671 Hoes Lane West
  Piscataway, NJ 08854

- **Piscataway Police Department**
  555 Sidney Road
  Piscataway, NJ 08854

3. I am over 18 years of age and not a party to this action.

4. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: July 10, 2025
Signed: _____
**John Fakla**
**521 Norwich Court**
**Piscataway, NJ 08854**

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:  JUNE 30, 2025
                         RE:    FAKLA JOHN  VS UNIVERSITY BEHAVIORA L HEALTH
                         DOCKET: MID L -003942 25

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON BRUCE J. KAPLAN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (732) 645-4300 EXT 88371.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:

                              JOHN FAKLA
                              521 NORWICH COURT
                              PISCATAWAY        NJ 08854

JUMBIA2

# Emergent Hearing
# (Order to Show Cause)

Orders to Show Cause are generally used to avert or prevent irreparable harm to a child or to protect their health, safety, and welfare. Prevention of harm is the reason to seek emergent remedy with the court. The court, in its discretion, may issue an emergency order. Only a judge can determine if an emergency hearing is necessary.

Examples of issues that may be raised in an Order to Show Cause are: emergency custody, termination of visitation or temporary prevention of relocation of a child outside New Jersey boundaries. Non-payment of spousal support, if a family is facing immediate eviction, may be an issue for an Order to Show Cause. Non-payment of child support is NOT an issue for an Order to Show Cause.

If you wish to apply for an emergency hearing the following steps must be completed:

## New Cases

1.    If this is your first filing of an **FD case** (no previous FD docket # concerning the same people), complete the "Initial Application/Cross Application" and all forms required for a new case.

2.    If you are filing a **new complaint for divorce (FM)**, then you will need to complete the Emergent Application and the Order to Show Cause forms.

3.    Check "other Relief" and write that you are requesting an emergency hearing.

4.    Complete the "Emergent Application" form in its entirety. Use the "**Additional Information form**" to further explain why your case is an emergency. Sign and date both forms.

## Reopen Cases

5.    If you already have a FD docket # involving the same people, complete the "Application/Cross Application to Modify a Court Order" form and all accompanying forms required to reopen your case. On the "Application to Modify a Court Order", check number 6, "The relief I am seeking is not listed above".  Check "I am seeking the following from the court".  Write that you are requesting an emergent hearing.

6.    If you already have a FM or FV docket # involving the same people, complete both the Emergent Application and the Order to Show Cause forms.

7.    Complete the "Emergent Application" form in its entirety. Use the "**Additional Information form**" to further explain why your case is an emergency. Sign and date both forms.

**Superior Court of New Jersey**
**Chancery Division - Family Part**
County:_____

_____
**Plaintiff**

**vs.**

Docket Number: F   -   _____
CS Number:  _____

_____
**Defendant**

**Civil Action**

**Emergent Application**
**(Order to Show Cause)**

Plaintiff email: _____

Defendant email: _____

**Attach to All Applications When Filing for an Order to Show Cause:**

☐  This application is an emergency, which cannot be handled through the normal court procedures because:

☐  Threats have been made to remove the child(ren) from the State of New Jersey which would violate the NJ Anti-removal statute, <u>N.J.S.A</u>. 9:2-2.

☐  Without my consent or approval, the child(ren) were removed/abducted on _____ from the State of New Jersey in violation of my parental rights and New Jersey law.

☐  The child(ren) were not returned after a parenting time period.

☐  The child(ren) will suffer substantial and irreparable harm unless the ☐ defendant  ☐ plaintiff is immediately:

☐  Restrained from taking the child(ren) from my custody and removing them from their current home in New Jersey.

☐  Required to return the child(ren) to me.

☐  Other.  Explain.

_____

_____

_____

_____

Other Information required for Emergent Application.

☐  There is no other person who is a party to this matter that has physical custody of the child(ren) or claims to have custody or parenting time rights.

☐  Other person(s) who is/are party/parties in this matter having physical custody of the child(ren) or claiming to have custody or parenting time rights include:

Names and Addresses:

_____

_____

_____

☐ A complaint for ☐ support ☐ parenting time ☐ custody has been filed on this date simultaneously with this emergent application since there is no existing court order involving the plaintiff, the defendant and the status of the child(ren) in this State or any other jurisdiction.

If my request is not granted, I believe that I and/or the child(ren) will suffer immediate and irreparable harm (damage that cannot be corrected, compensated or undone) as follows:

_____

_____

_____

I/We certify that **all** the statements made above are true.  I am aware that if **any** of the statements made by me/us are willfully false, I/we am subject to punishment.


_____    _____
Date                     Signature
                         ☐ Plaintiff                    ☐ Defendant
                         ☐ Plaintiff / Cross Applicant   ☐ Defendant / Cross Applicant


_____    _____
Date                     Signature
                         ☐ Co-Plaintiff                 ☐ Co-Defendant
                         ☐ Co-Plaintiff / Co-Cross Applicant   ☐ Co-Defendant / Co-Cross Applicant



New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

| For Use by Clerk's Office Only | | | | |
|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|

| Office Address - Street | City | State | Zip |
|---|---|---|---|

| Document Type | Jury Demand ☐ Yes    ☐ No |
|---|---|

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|

Case Type Number (See page 3 for listing)  _____

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ☐ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ☐ No |
| Is this a professional malpractice case? | ☐ Yes | ☐ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ☐ Yes | ☐ No |
|---|---|---|

If "Yes," list docket numbers

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☐ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ☐ Unknown |
|---|---|---|

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|

| Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation |
|---|

Do parties have a current, past or recurrent relationship?    ☐ Yes    ☐ No

If "Yes," is that relationship:

☐ Employer/Employee    ☐ Friend/Neighbor    ☐ Familial    ☐ Business

☐ Other (explain) _____

---

Does the statute governing this case provide for payment of fees by the losing party?    ☐ Yes    ☐ No

---

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

---

♿ Do you or your client need any disability accommodations?    ☐ Yes    ☐ No
   If yes, please identify the requested accommodation:

Will an interpreter be needed?    ☐ Yes    ☐ No
   If yes, for what language?

---

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 804 | Election Law |
| 805 | Civil Commitment Expungement |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |
| 816 | Affordable Housing |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |
| 640 | Bard Implanted Port Catheter Products |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**       ☐ **Title 59**       ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

**SUPERIOR COURT OF NEW JERSEY**
**CHANCERY DIVISION – [COUNTY] COUNTY**
**DOCKET NO.: _____**

**JOHN FAKLA**,
Plaintiff,

v.

**UNIVERSITY BEHAVIORAL HEALTH CARE (UBHC)**,
**PISCATAWAY POLICE DEPARTMENT,**
**JOHN DOE OFFICERS 1–10,**
**JANE DOE AGENTS 1–10,**
Defendants.

# CIVIL ACTION

# PROPOSED FINAL ORDER FOR INJUNCTIVE RELIEF

THIS MATTER having been brought before the Court by Plaintiff **John Fakla**, pro se, by Verified Complaint and Order to Show Cause seeking permanent injunctive relief against the Defendants, and the Court having considered the submissions and arguments, and for good cause shown,

**IT IS on this ___ day of _____, 2025, ORDERED as follows:**

1. Defendants **UNIVERSITY BEHAVIORAL HEALTH CARE (UBHC)**, the **PISCATAWAY POLICE DEPARTMENT**, **JOHN DOE OFFICERS 1–10**, and **JANE DOE AGENTS 1–10** are **permanently enjoined and restrained** from initiating any contact with Plaintiff **John Fakla**, including at his residence, place of work, or any location where he may be found, without a valid judicial order.

2. Defendants are **permanently enjoined** from conducting any **wellness checks, surveillance, or investigatory visits** concerning Plaintiff without prior **court authorization**.

3. Defendants are **permanently prohibited** from making any attempt to **detain, question, or involuntarily commit** Plaintiff absent an order issued by a court of competent jurisdiction based on a sworn application and due process.

4. The Court **retains jurisdiction** to enforce this Order and to address any future applications related to its violation.

5. A copy of this Order shall be served upon all parties and shall remain in full force and effect unless and until modified by the Court.

_____
**J.S.C.**

# AFTER VISIT SUMMARY

**RWJ**Barnabas
HEALTH

**John Fakla** MRN: 04821452  ☐ ▬▬▬▬(CMS/HCC)  🗓 4/23/2025 - 4/25/2025  📍 MMC AP1 BH STC

## Instructions

 **No changes were made to your medications.**

## Your Next Steps

📍 **Go**

**MAY 12**  **Intake** 12:30 PM
UBHC NEW BRUNSWICK IOTSS
303 George Street
NEW BRUNSWICK NJ 08901-2020
732-235-6800

## What's Next

**MAY 12**  **Intake**
Monday May 12, 2025 12:30 PM

UBHC NEW BRUNSWICK IOTSS
303 George Street
NEW BRUNSWICK NJ 08901-2020
732-235-6800

**Go to UBHC NEW BRUNSWICK IOTSS**
Monday May 12, 2025
Appointment is scheduled for Monday, 5/12/25 @12:30pm in-person at
the New Brunswick location for an intake assessment. Patient will be
assessed for the IOTSS program. Days and time will be discussed at the
appointment. Fax: 732-235-6187

303 George Street
NEW BRUNSWICK NJ 08901-2020
732-235-6800

## Medication List

You have not been prescribed any medications.

MEDICAL RECORD                                                    Progress Notes

-------------------------------------------------------------------------

NOTE DATED: 09/18/2019 16:43
LOCAL TITLE: SCREENING DISCHARGE INSTRUCTIONS
STANDARD TITLE: MENTAL HEALTH NOTE
VISIT: 09/18/2019 14:00 ACUTE PSYCHIATRIC SERVICE

RUTGERS UNIVERSITY BEHAVIORAL HEALTH CARE

Screening Discharge Instructions

*Discharge Date and Time: Sep 18,2019@16:45
* Discharge Plan (including aftercare referrals and additional contacts):
  Continue with current outpatient provider:  Weekly individual therapy at
  Positive Reset, East Brunswick, NJ, next appointment Tuesday 9/24 at
  3:30pm.
Additional Instructions:
No current medical necessity for inpatient treatment.

*****************************************************************
In case of an emergency:
In PISCATAWAY contact Acute Psychiatric Services: 1-855-515-5700 or
1-855-515-5001
In NEWARK contact Screening Services: 973-623-2323
Or Dial 9-1-1
*****************************************************************
                                    9/18/19            4:45
CONSUMER SIGNATURE          DATE                DISCHARGE TIME

SCREENING CLINICIAN SIGNATURE

              Signed by: /es/ JONATHAN NUSSBAUM - MNTL HLTH CLIN III
                         LCSW, CERTIFIED SCREENER
                         09/18/2019 16:52

-------------------------------------------------------------------------
FAKLA,JOHN A                      UBHC            Printed:09/18/2019 16:5
5006829 DOB:09/07/1985      Pt Loc: OUTPATIENT
-------------------------------------------------------------------------

SANDRA COLEMAN
P O BOX 469
NEW BRUNSWICK, NJ 08903-0469

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CIVIL PART
COUNTY OF MIDDLESEX

JOHN D FAKLA
521 NORWICH CT.
PISCATAWAY, NJ 08854

08/31/2020

Dear JOHN D FAKLA:

Enclosed herewith please find the following documents: Notice of Initial Hearing - Involuntary Adult, IN THE MATTER OF THE CIVIL COMMITMENT OF JOHN FAKLA and a Certification of Service.  If you wish any additional information, please contact this office.

Very truly yours,
SANDRA COLEMAN
732-745-3253

Encls.

B3

Rw 559

IN THE MATTER OF THE
CIVIL COMMITMENT OF
JOHN FAKLA

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CIVIL PART

MIDDLESEX COUNTY

Docket No. MICC00157720

**NOTICE OF HEARING**

Application having been made for the involuntary commitment of

JOHN FAKLA to RUTGERS UNIVERSITY BEHAVIORAL HEALTH CARE,

you are hereby notified the hearing with regard thereto will be held on

September 04 2020, at 09:30AM at

RUTGERS UNIVERSITY BEHAVIORAL HEALTH CARE
671 HOES LANE , ROOM C229, PISCATAWAY, NJ 08855
671 HOES LANE ROOM C229   P O BOX 1392
PISCATAWAY, NJ 08855-1392

The attorney appointed by the court to represent the patient is SHARON A MICHALSKI. Private counsel may be
retained by the patient, if desired.

Dated: _____8/30_____ ,20 _20_

SANDRA COLEMAN

COUNTY ADJUSTER

Office of the MIDDLESEX County Adjuster

TO RELATIVES OF PATIENT:  Your attendance at this hearing is NOT required.  You may attend if
you so desire.

**\*\* _If patient is discharged prior to hearing, please disregard this notice._**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CERTIFICATION OF SERVICE

I,_____ , of full age, being duly sworn upon my oath according to

law, deposes and says that I served a copy of the foregoing notice personally upon

_____ at said hospital/facility on this _____ day

of _____ 20_____ .

_____

Name/Signature

B4

Rw 56

| | |
|---|---|
| **Name:** | FAKLA, JOHN MRN 5006829<br>DOB 9/07/1985<br>ADMIT 8/28/2020 UNIT 601311<br>NKA |
| **Case #:** | |
| **Unit #:** | |

RUTGERS
University Behavioral
Health Care

**DISCHARGE AGAINST MEDICAL ADVICE**

Date: _9 / 2 / 20_

I, _John Fakla_ , hereby request discharge of _John Fakla_ from
   Patient or guardian

University Behavioral Health Care, against the advice of my doctor, and realize that by doing so I am leaving against
medical advice.

I thereby relieve University Behavioral Health Care of any further responsibility for my care, and from any consequences
of this discharge.

_____
Signature of Witness

X _____
Signature of Patient

_____
Signature of Guardian

_____
Signature of Doctor

_____
Signature of Parent

[X]  Copy given to Patient

Form 040   7/13                     White-Clinical Records                     Yellow-Patient

**Brian Gillet**

| | |
|---|---|
| **From:** | Greg Fitzpatrick <fitzpapg@ubhc.rutgers.edu> |
| **Sent:** | Tuesday, October 6, 2020 9:56 PM |
| **To:** | Brian Gillet |
| **Subject:** | Re: Assistance with a defendant who is incompetent to stand trial (IST) |

**CAUTION:** This email originated from outside the Middlesex County organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Brian

I'm confident that I know who you are referring to. We've known him for years. I will call you in the morning. The Prosecutors office can ask for a screening. We have committed him recently. We can outreach him in the community and hopefully get him back in the hospital.

My office number is 732-225-5150.

My cell is ████████

Thank you,

-Greg

Sent from my iPhone

On Oct 6, 2020, at 5:21 PM, Brian Gillet <brian.gillet@co.middlesex.nj.us> wrote:

Greg:

Sorry to send an e-mail, but I didn't have a direct phone number. Perhaps you can direct me.

I am working on a case where we anticipate that a defendant will be found to be not competent to assist in his defense (IST) under N.J.S.A. 2C:4-6, but will be found to be a danger to himself, others and property, specifically to the victims of his threats. That statute appears to provide that he can be committed to a facility if he is found to be dangerous to himself or others. However, Judge Paone does not feel that he can do that, in a criminal case and thinks we must have him civilly committed under NJSA 30:4-27.10, which appears to implicate your screening centers.

As of now, defendant, who has been found incompetent to assist before (2016) is not in any facility and is just walking around, claiming that he is seeing a therapist. By the way, he is charged with stalking the Police Chief and an officer in Middlesex Boro. The prior charges also related to the same victims. His diagnosis is "fixed delusions" or "delusional disorder," based upon his 2012 dealings with these officers. His attorney also told us that he was "hospitalized" in late August due to threats of harm to himself, but he has provided no reports. Since May/June 2020, he has been posting weird threats on Facebook, including posting a video of a court hearing. Sandra Coleman thought you could direct me. Can a prosecutor's office initiate a request for screening or can I ask the judge to do that? I'm

1

*C 2*

## Brian Gillet

| | |
|---|---|
| **From:** | Brian Gillet |
| **Sent:** | Monday, July 27, 2020 1:58 PM |
| **To:** | Christie Bevacqua |
| **Subject:** | Contact for SVP |

Hi
I spoke to Cindy Collins, Esq., in DOL in the Health and Human Services section. Here direct number is 609-376-2562. Seemed very nice and quite knowledgable. Good luck!
Brian

Brian D. Gillet
Deputy First Assistant Prosecutor
Middlesex County Prosecutor's Office
25 Kirkpatrick Street, 3d floor
New Brunswick, New Jersey 08901
Phone: 732-745-3804
Fax: 732-745-2791
Cell: 732-379-1355
E-mail: brian.gillet@co.middlesex.nj.us

**NOTICE:** Middlesex County is an EEO employer and complies with all applicable statutes and regulations

**NOTICE OF CONFIDENTIALITY**
This message, including any prior messages and attachments, may contain advisory, consultative and/or deliberative material, confidential information or privileged communications of the County of Middlesex. Access to this message by anyone other than the sender and the intended recipient(s) is unauthorized. If you are not the intended recipient of this message, any disclosure, copying, distribution or action taken or not taken in reliance on it, without the expressed written consent of the County, is prohibited. If you have received this message in error, you should not save, scan, transmit, print, use or disseminate this message or any information contained in this message in any way and you should promptly delete or destroy this message, any attachments, and all copies of same. Please notify the sender by return e-mail if you have received this message in error.

MCPO 2245





**Administrative Office of the Courts**

---

### GLENN A. GRANT, J.A.D.
#### Acting Administrative Director of the Courts

---

www.njcourts.gov • Phone: 609-376-3000 • Fax: 609-376-3002

| | | |
|---|---|---|
| **To:** | **Assignment Judges**<br>**Trial Court Administrators** | **DIRECTIVE #17-18** |
| **From:** | Glenn A. Grant, J.A.D. | |
| **Subj:** | **Criminal – New and Revised Form Orders for Competency and Sanity Evaluations** | |
| **Date:** | **November 1, 2018** | |

This Directive promulgates for immediate use eleven new and revised form orders as approved by the Judicial Council to implement the requirements of N.J.S.A. 2C:4-5 et seq. and N.J.S.A. 2C:4-1 et seq. regarding competency and sanity evaluations in criminal matters. These form orders were drafted by the Forensic Evaluation Workgroup, a group comprised of various criminal practice and forensic evaluation system stakeholders, including representatives from the Judiciary, the Office of the Attorney General, the Office of the Public Defender, county prosecutors, and executive and clinical administration from the Division of Mental Health and Addiction Services.

These form orders will be posted on the Criminal Forms page of the Judiciary's Internet website and the Criminal Division Forms page of the Judiciary's InfoNet.

The following briefly explains the situations in which each order should be used. For a more detailed explanation, please see the text that precedes the orders in each of the subsequent attachments.

1. **Order #1A – Order Mandating Evaluation of Defendant's**      **Attachment 1**
   **Fitness to Proceed to Trial (Defendant not Detained)**
   This order is to be used for a defendant who is not detained when the court needs a psychiatric report pursuant to N.J.S.A. 2C:4-5 due to questions regarding the defendant's fitness to proceed to trial.

2. **Order #1B – Order Mandating Evaluation of Defendant's**      **Attachment 2**
   **Fitness to Proceed to Trial (Defendant Detained)**
   This order is to be used when the court needs a psychiatric report pursuant to N.J.S.A. 2C:4-5a due to questions regarding an incarcerated defendant's fitness to proceed to trial.

MCPO 2190

Directive #17-18
Revised Competency Orders
Page 2

3. **Order #2 – Order Committing Defendant for Purposes of**          **Attachment 3**
   **a Competency Evaluation Pursuant to N.J.S.A. 2C:4-5**
   This order commits a defendant to the custody of the Commissioner of the Department of
   Health for the purposes of a competency evaluation as described in N.J.S.A. 2C:4-5. This
   form of order is to be used in instances where a qualified psychiatrist or licensed
   psychologist has already examined the defendant pursuant to screening Orders #1A and
   #1B but was unable to make a determination as to the defendant's competency.

4. **Order #3 – Order Committing a Defendant Who Is**          **Attachment 4**
   **Incompetent to Stand Trial and Dangerous to Self,**
   **Others and/or Property for Further Evaluation after 90 Days**
   This order is to be used in committing a defendant to the custody of the Commissioner of
   the Department of Health when the defendant has been found by the court to be incompetent
   and dangerous to self, others, or property as a result of mental illness. See N.J.S.A. 2C:4-
   6. The court shall hold a hearing regarding the defendant's condition three  months after
   the defendant has been committed.

5. **Order #4 - Order Committing a Defendant Who Continues to**          **Attachment 5**
   **Be Incompetent to Stand Trial and a Danger to Themselves,**
   **Others, or Property for Further Evaluation after 180 Days**
   This order continues the commitment under N.J.S.A. 2C:4-6 for a defendant who is not
   competent and continues to be dangerous as a result of mental illness after the three month
   review in Order #3. This order continues hospitalization for the defendant for six months.

6. **Order #5 - Order Releasing Defendant Who Lacks Fitness to**          **Attachment 6**
   **Proceed but Is Not a Danger under Certain Conditions**
   This order is to be used in cases where a defendant has been found incompetent, but there
   is no need for commitment because he/she is not a danger to him/herself, others, or
   property. Consequently, the defendant may be released on certain conditions set by the
   court. In accordance with N.J.S.A. 2C:4-6(b), the court may direct the defendant to continue
   with outpatient treatment while the case is held in abeyance. The order also directs that a
   follow-up examination be conducted by psychologists from the Ann Klein Forensic Center
   in 90 days.

7. **Order #6A - Order Discharging the Defendant on Pretrial**          **Attachment 7**
   **Release from the Care and Custody of the Commissioner**
   **of Health (Defendant not Detained)**
   Order #6A is to be used when a defendant has previously been placed in the care of the
   Commissioner of the Department of Health and is now deemed competent to proceed.
   Order #6A may be used where there has been a previous determination that the defendant
   may be released to the community. It would be used to discharge him/her from the hospital
   under the previous competency order.

Directive #17-18
Revised Competency Orders
Page 3

8.  **Order #6B - Order Mandating the Transfer of the Defendant**    **Attachment 8**
    **from the Care and Custody of the Commissioner of Health**
    **to a Correctional Facility (Defendant Detained)**
    Order #6B is also to be used when a defendant has previously been placed in the care of
    the Commissioner of the Department of Health and is now deemed competent to proceed.
    Order #6B may be used where the defendant has either previously been detained until trial
    on his/her present charge or a detention hearing has not taken place.  In either case, the
    order may be used to return the defendant to the appropriate correctional facility.

9.  **Order #7 – Order Mandating the Transfer of Defendant from**    **Attachment 9**
    **the Care and Custody of the Commissioner of Health to the**
    **Correctional Facility**
    This order is to be used to transfer the defendant back to the correctional facility when
    he/she has gained his/her fitness to proceed to trial and is no longer dangerous to self,
    others or property by reason of mental illness.

10. **Order Mandating a Psychiatric Evaluation of Defendant's**    **Attachment 10**
    **Criminal Responsibility at the Time of the Crime (Sanity**
    **Evaluation) – (Defendant Not Detained)**
    This order is to be used when the court needs an expert report pursuant to N.J.S.A. 2C:4-
    1, that is, a sanity evaluation, due to questions regarding a defendant's state of mind at the
    time of the offense, where the defendant is not detained at the time the order is entered.

11. **Order Mandating a Psychiatric Evaluation of Defendant's**    **Attachment 11**
    **Criminal Responsibility at the Time of the Crime (Sanity**
    **Evaluation) – (Defendant Detained)**
    This order is to be used when the court needs an expert report pursuant to N.J.S.A. 2C:4-
    1, that is, a sanity evaluation, due to questions regarding a defendant's criminal
    responsibility at the time of the offense, where the defendant is detained at the time the
    evaluation is ordered.

        Questions or comments regarding this Directive may be directed to Sue Callaghan,
Assistant Director for Criminal Practice, by email at sue.callaghan@njcourts.gov or by phone
at 609-815-2900, x55300.

Attachments

cc: Chief Justice Stuart Rabner
    Attorney General Gurbir S. Grewal
    Public Defender Joseph E. Krakora
    Criminal Division Judges
    Veronica Allende, Director, Div. of Crim. Justice
    County Prosecutors
    Steven D. Bonville, Chief of Staff

    AOC Directors and Assistant Directors
    Melaney S. Payne, Special Assistant
    Ann Marie Fleury, Special Assistant
    Jessica Lewis Kelly, Special Assistant
    Criminal Division Managers and Assistants
    Vance Hagins, Chief
    Maria Pogue, Assistant Chief

C 6

Attorney Name _____
NJ Attorney ID Number _____
Address _____
_____
Telephone Number _____
Attorney for _____

| | |
|---|---|
| **State of New Jersey** | **Superior Court of New Jersey** |
| | **Law Division – Criminal Part** |
| | _____ County |
| v. | **Indictment Number:** _____ |
| Plaintiff, | |
| | **Criminal Action** |
| _____ | |
| Defendant. | **Consent Order** |
| | Order Mandating a Psychiatric Evaluation |
| | of Criminal Responsibility at the Time |
| | of the Crime Pursuant to *N.J.S.A.* 2C4-1 |
| | for a Defendant in Jail |

**HAVING RECEIVED** notice pursuant to *N.J.S.A.* 2C:4-3 that the defendant intends to claim that he/she was not responsible for his/her conduct at the time of the crime due to mental disease or defect as provided in *N.J.S.A.* 2C:4-1, and with agreement between the State and the defense, the defendant is hereby ordered to undergo an evaluation by professional staff designated by the Commissioner of the Department of Health of his/her sanity at the time of the [specify criminal conduct that the defendant was originally charged with committing]_____

_____

_____: and

It is on this _____ day of _____, 20____ **ORDERED** that:

1. The professional staff shall provide this court and the counsel identified below with a copy of his/her evaluation as to whether, at the time of the offense, the defendant was laboring under such a defect of reason, from disease of the mind as not to know the nature and quality of the act he/she was doing, or if he/she did know it, that he/she did not know what he/she was doing was wrong;

2. The examination shall take place at the jail or prison by a qualified expert from the Department of Health;

MCPO 2241

67

# Attachment 11

# Order #S2 - Order Mandating a Psychiatric Evaluation of Defendant's Criminal Responsibility at the Time of the Crime (Sanity Evaluation) – (Defendant Detained)

MCPO 2239

C8

Attorney Name _____
NJ Attorney ID Number _____
Address _____
_____

Telephone Number _____
Attorney for _____
_____

| | |
|---|---|
| State of New Jersey _____ | Superior Court of New Jersey<br>Law Division – Criminal Part<br>_____ County<br>Indictment Number: _____ |
| Plaintiff,<br>v.<br><br>Defendant. | **Criminal Action**<br><br>Order Mandating an Expert Evaluation of Criminal Responsibility at the Time of the Crime Pursuant to *N.J.S.A.* 2C:4-1 ~~for a Defendant in the Community~~ |

**HAVING RECEIVED** notice pursuant to *N.J.S.A.* 2C:4-3 that the defendant intends to claim that he/she was not responsible for his/her conduct at the time of the crime due to mental disease or defect as provided in *N.J.S.A.* 2C:4-1, the defendant is hereby ordered to undergo an evaluation by professional staff designated by the Commissioner of the Department of Health of his/her sanity of the [specify criminal conduct that the defendant was originally charged with committing] _____

_____
_____
_____; and

It is on the _____ day of _____ , 20___ **ORDERED** that:

1. The professional staff shall provide this court and the counsel identified below with a copy of his/her evaluation as to whether, at the time of the offense, the defendant was laboring under such a defect of reason, from disease of the mind as to not know the nature and quality of the act he/she was doing, or if he/she did know it, that he/she did not know what he/she was doing was wrong;

2. The examination shall take place at the location provided below, by a qualified expert from the Department of Health with the time and date to be provided by the Department; _____

_____

MCPO 2237

C9

Attachment 10

Order #S1 – Order Mandating a Psychiatric Evaluation of Defendant's Criminal Responsibility at the Time of the Crime (Sanity Evaluation) – (Defendant not Detained)

MCPO 2235

C10

Attorney Name _____
NJ Attorney ID Number _____
Address _____
_____
Telephone Number _____
Attorney for _____

|  |  |
|---|---|
| **State of New Jersey** _____ <br><br> Plaintiff, <br><br> v. <br><br> _____ <br><br> Defendant. | **Superior Court of New Jersey** <br> **Law Division – Criminal Part** <br> _____ **County** <br> **Indictment Number:** _____ <br><br> **Criminal Action** <br><br> Order Mandating the Transfer of <br> Defendant From the Care and Custody <br> of the Commissioner of Health to the <br> _____ Correctional Facility |

**THIS COURT** having found that the defendant has regained his/her fitness to proceed to trial [or has been determined to be fit to stand trial] and that the defendant is not dangerous to self, others, or property as a result of mental illness,

It is on the _____ day of _____ , 20___ **ORDERED** that:

1. The defendant shall be transferred to the _____ Correctional Facility to await a [detention hearing/trial], and

2. **IT IS FURTHER ORDERED** [any additional conditions as ordered by the court]_____
   _____
   _____
   _____

3. The next hearing in this matter will be held on _____ .

**A copy of this Order will be forwarded to the County Adjuster's Office by the Clerk of the Court within two (2) days of its signing.**

_____                           _____
Date                                                                                              Judge

**Prosecutor's Office:**                          **Defendant's Attorney:**
Name _____     Name _____

Published by Directive #17-18 (11/01/2018), CN: 12332 (Competency Order 7)                    page 1 of 2

MCPO 2233

D1

John Fakla v. Middlesex County Prosecutor's Office, et als.
Docket No. MID-L-1679-23
DOCUMENT INDEX

| BATES NUMBER | DATE | FROM/AUTHOR | RECIPIENT(S) | DOCUMENT DESCRIPTION | P |
|---|---|---|---|---|---|
| MCPO 2038-MCPO 2044 | | | | 2) 9/5/13 Officer Report Form re from Officer Melchiorre; and<br><br>3) 8/25/13 letter from Plaintiff to Officer Melchiorre with Communication Data Sheet. | P |
| | 3/11/13 | Zaynab Khan | N/A | Psychological Evaluation. | N |
| MCPO 2045 | July 2019 Term | Martha McKinney, Superior Court | N/A | Indictment #19-10-01630, File #1900323. | N |
| MCPO 2046-MCPO 2052 | 10/7/19 | Vicki Canavera, Dr. Peter Paul | Jospeh Paone, JS.C. | Psychological Evaluation re competency to stand trial by Dr. Peter Paul, Ph.D. | R id |
| MCPO 2053-MCPO 2058 | 3/30/21 | Brian Gillet | Ellen Taylor | Email with handwritten notes attached, dated 3/30/21. | N |
| MCPO 2059-MCPO 2066 | 3/28/21 | Brian Gillet | Christina Vlahos | Email with letter-brief in opposition to Motion to Dismiss, filed on 3/24/20, and Defendant's 3/11/21 brief. | N |

D2

John Fakla v. Middlesex County Prosecutor's Office, et als.
Docket No. MID-L-1679-23
DOCUMENT INDEX

| BATES NUMBER | DATE | FROM/AUTHOR | RECIPIENT(S) | DOCUMENT DESCRIPTION | P |
|---|---|---|---|---|---|
| MCPO 2171-MCPO 2173 | 10/23/20 | Christopher Kubereit | Brian Gillet, Sussex County. | Email forwarding email from G. Miller in Sussex County. | N |
| MCPO 2174-MCPO 2176 | 10/23/20 | Christopher Kubereit | Brian Gillet, Martha Mckinney | Email forwarding email from T. Chiriche in Somerset County. | N |
| MCPO 2177-MCPO 2182 | 11/11/20 | Brian Gillet | Joseph Paone | Letter re State's position re Court's ability to commit. | N |
| MCPO 2183-MCPO 2185 | 8/17/20 | Brian Gillet | Joseph Paone | Letter re Defendant's competency to stand trial. | N |
| MCPO 2186-MCPO 2189 | Undated | Chief Geist | N/A | Narrative. | N |
| MCPO 2190-MCPO 2242 | 11/1/18 | Glenn A. Grant, JAD | Assignment Judges/Trial Court Administrators | NJ Courts -Administrative Office -Directive #17-18 -Subject - Criminal -New and Revised Form Orders for Competency and Sanity Evaluations. | N |
| MCPO 2243-MCPO 2244 | 10/6/20 | Greg Fitzpatrick | Brian Gillet | Email chain with Greg Fitzpatrick. | N |

John Fakla v. Middlesex County Prosecutor's Office, et als.
Docket No. MID-L-1679-23
DOCUMENT INDEX

D 3

| BATES NUMBER | DATE | FROM/AUTHOR | RECIPIENT(S) | DOCUMENT DESCRIPTION | P |
|---|---|---|---|---|---|
| MCPO 2245 | 7/27/20 | Brian Gillet | Christie Bevacqua | Email re providing contact at DOL in the Health and Human Services Section. | 2 |
| MCPO 2246-MCPO 2252 | 9/24/20 | Kelly Shelton | Brian Gillet, Tiffany Wilson, Renee White | Email chain with Kelly Shelton in Warren County. | 2 |
| MCPO 2253-MCPO 2257 | 9/24/20 | Kelly Shelton | Brian Gillet, Tiffany Wilson, Renee White | Email chain with Kelly Shelton in Warren County. | 2 |
| MCPO 2258-MCPO 2260 | 7/20/17 | Erin N. Campbell | Judges of the Appellate Division | Caption/Table of Appendices for Letter-Brief in State v. Carlos Campos, Docket No. A-3717-1611. | 2 |
| MCPO 2261-MCPO 2263 | 3/17/15 | Kenneth J. Weist | Joseph J. Russo, Esq. | Letter re report of Joanna Baigler, in State v. Carlos Campos. | 2 |
| MCPO 2264-MCPO 2318 | 5/11/15 | Daniel P Grienfield | Joseph J. Russo | Letter re report about Carlos Perreira Campos, with retainer and with Dr. Greenfield's CV. | 2 |
| MCPO 2319-MCPO 2322 | 7/29/15 | Daniel P Grienfield | Joseph J. Russo | Letter re follow up report about Carlos Perreira Campos. | 2 |

D4

John Fakla v. Middlesex County Prosecutor's Office, et als.
Docket No. MID-L-1679-23
DOCUMENT INDEX

| BATES NUMBER | DATE | FROM/AUTHOR | RECIPIENT(S) | DOCUMENT DESCRIPTION |
|---|---|---|---|---|
| MCPO 403- MCPO 404 | 01/27/17 | Joseph Paone | N/A | Court Order for Indictment #16-03-488-I and #14-06-688-I. |
| MCPO 405- MCPO 407 | 05/12/17 | Vanessa Amaxopoulos | Joseph Paone, Alexandra Papalia, Jonathan Kessous, Madeline Gerbavac | Probation Officer Memorandum to Middlesex Superior Court with email forwarding same. |
| MCPO 408- MCPO 411 | 05/1/17 | MBPD | N/A | Call Detail Report, 10/11/16 Order and copy of Lui's receipt. |
| MCPO 412 | 10/11/16 | Joseph Paone | N/A | Court Order. |
| MCPO 413 | 10/31/16 | Rutgers University | Unknown. | Unclear/Unreadable. |
| MCPO 414- MCPO 415 | 1/12/17 | Vanessa Amaxopoulos | Joseph Paone | Probation Officer Memorandum to Middlesex Superior Court for PG/Ind. #16000006-00/#I- |

in State v. Fakla, Indictment #14-06-00688-I, Pros. #14000770-001;

5. NJ Court Report re competency to stand trial by Susie Chung, Psychologist, dated 5/12/17.

10

## SUPPLEMENTAL CERTIFICATION OF PLAINTIFF

I, John Fakla, of full age, certify and state as follows:

1. I am the Plaintiff in the above-captioned matter, and I make this supplemental certification in further support of my application for emergent injunctive relief.

2. Attached hereto as Exhibits A through C are documents that support my allegations of prior unlawful detainment, harassment, and retaliatory conduct by agents of UBHC and the Piscataway Police Department.

3. Exhibit A includes documents or records relating to a prior incident where I was unlawfully detained without proper legal authority, in connection with false or retaliatory mental health claims.

4. Exhibit B includes relevant filings, correspondence, or certifications from my pending civil case (Docket No. MID-L-001679-23), showing a pattern of misconduct by public agencies or their affiliates.

5. Exhibit C includes documentation of previous encounters that mirror the tactics recently used to target and intimidate me, including efforts to compel my submission to mental health evaluation without valid court process.

6. These documents collectively demonstrate that the most recent incident forming the basis of my current TRO application is not isolated, but part of a continuing pattern of unlawful and retaliatory conduct directed at me.

7. I submit these exhibits to show that I am not a danger to myself or others and that these interventions are not justified by any current risk, but rather appear to be part of an ongoing attempt to silence or retaliate against me as a civil litigant.

8. I respectfully request that the Court consider these materials in support of granting temporary and permanent injunctive relief as outlined in my Verified Complaint and Order to Show Cause.


I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Date: _____ 6/30/25 _____

Signature: _____

John Fakla

# SUPERIOR COURT OF NEW JERSEY

**CHANCERY DIVISION – [COUNTY] COUNTY**
Docket No.: _____

**JOHN FAKLA**,
Plaintiff,
v.
**UNIVERSITY BEHAVIORAL HEALTH CARE (UBHC)**,
**PISCATAWAY POLICE DEPARTMENT**,
JOHN DOE OFFICERS 1-10,
and JANE DOE AGENTS 1-10,
Defendants.

**CIVIL ACTION**
**VERIFIED COMPLAINT WITH ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**

## Preliminary Statement

This is an action seeking emergency and permanent injunctive relief due to repeated acts of harassment, intimidation, and unlawful home intrusion by agents of the University Behavioral Health Care (UBHC) and members of the Piscataway Police Department. Plaintiff seeks a temporary restraining order (TRO), a permanent injunction, and any other relief the Court deems just to prevent future harassment and violations of his constitutional rights.

## PARTIES

1. Plaintiff **John Fakla** is an individual residing at 521 Norwich Court Piscataway,NJ 08854 Middlesex County, New Jersey.

2. Defendant **University Behavioral Health Care (UBHC)** is a mental health entity affiliated with Rutgers University, with offices located in Middlesex County.

3. Defendant **Piscataway Police Department** is a municipal police department located in Piscataway, Middlesex County, New Jersey.

4. Defendants **John Doe Officers 1-10** and **Jane Doe Agents 1-10** are unknown officers or agents of Defendants who participated in the conduct described herein.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this matter pursuant to **N.J. Const. Art. VI, § 3, ¶ 4** and **R. 4:3-1(a)(1)**.

6.  Venue is proper in Middlesex County under **R. 4:3-2(a)**, as the events giving rise to this Complaint occurred therein.

# FACTUAL ALLEGATIONS

7.  On or about **6/27/25**, agents of UBHC and officers from the Piscataway Police Department came to Plaintiff's residence without a warrant, valid legal authority, or justification. UBHC detained plaintiff recently which he now has tort claims against them for on 4/23/25

8.  This intrusion was not the first occurrence. Similar unannounced visits have taken place on multiple occasions, despite Plaintiff's repeated objections and lack of any legal basis for such contact.

9.  The agents/officers banged on Plaintiff's door, demanded to speak with him, and made implied or explicit threats of further action, causing severe emotional distress and fear for personal safety.

10. Plaintiff has not committed any acts warranting police or mental health intervention, and no court order has authorized such repeated harassment.

11. Plaintiff has a pending legal case in **MID-L-001679-23**, which involves some of the same actors and ongoing discovery abuses, raising concerns that the recent actions are retaliatory or harassing in nature.

12. Plaintiff has contacted appropriate officials to report this pattern, but the behavior has persisted, requiring emergency judicial intervention.

# COUNT ONE

**(Injunctive Relief – Harassment and Violation of Civil Rights)**

13. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

14. Defendants' conduct constitutes an ongoing pattern of harassment, violation of privacy rights under the **New Jersey Constitution** and **U.S. Constitution (Fourth and Fourteenth Amendments)**, and abuse of authority.

15. Without immediate intervention by this Court, Plaintiff is at risk of continued harassment, unlawful searches, or involuntary detainment under false pretenses.

16. Plaintiff seeks an **Order to Show Cause**, a **Temporary Restraining Order**, and ultimately a **Permanent Injunction** prohibiting Defendants from any contact with Plaintiff without express court permission.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Issue an **Order to Show Cause** requiring Defendants to appear and explain why injunctive relief should not be granted;
B. Enter a **Temporary Restraining Order** prohibiting Defendants from approaching, surveilling, or contacting Plaintiff in any manner;
C. Grant a **Permanent Injunction** barring all further harassment and unlawful conduct by Defendants;
D. Award any further relief the Court deems just and equitable, including attorney's fees and costs, if applicable.

## VERIFICATION

I, **John Fakla**, hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: _____6/27/25_____
Signature: _____
John Fakla, Pro Se
521 Norwich Court Piscataway, NJ 08854