

400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ  08807
T: 908-722-0700
F: 908-722-0755

WRITER'S DIRECT DIAL & EMAIL ADDRESS
(908) 252-4166
egsponzilli@norris-law.com

August 5, 2025

**VIA: ECF**
Hon. Claire C. Cecchi, U.S.D.J.
District Court of the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

      Re:    Fakla v. University Behavioral Health Care, et al.
              Civil Action No.: 2:25-cv-13764

Dear Judge Cecchi:

      This firm represents Defendant, Rutgers, The State University of New Jersey (misidentified in Plaintiff's Complaint as University Behavioral Health Care ("UBHC"), a non-suable constituent unit of Rutgers) ("Rutgers") in the above-referenced matter. Rutgers is in receipt of the Court's August 4, 2025 Order to Show Cause why this case should not be remanded to State Court. Please accept this letter brief, in lieu of a more formal brief, as Rutgers' objection to the remand of this matter.

      This Court's direction that Rutgers show cause why this matter should not be remanded to State Court was issued the day after Plaintiff filed his August 3, 2025 letter to the Court. However, Plaintiff's letter does not request remand. Rather, he



**Norris McLaughlin, P.A.**

Hon. Claire C. Cecchi, U.S.D.J.
August 5, 2025
Page 2

concedes that "all orders and injunctions entered in State Court prior to removal remain in effect unless and until dissolved or modified by the District Court." See, Plaintiff's Opposition Brief, p. 3. Most of Plaintiff's letter opposes Rutgers' pending application to this Court [to vacate the existing State Court ad interim restraints]." However, to the extent Plaintiff's Opposition Brief at p. 6 ("VII. Jurisdiction") states "[a]s far as jurisdiction, I would argue that a simple invocation of constitutional rights doesn't grant the federal court to intercede," it is legally incorrect.

The basis for this Court's exercise of federal question jurisdiction is plain. In paragraph 14 of Plaintiff's Verified Complaint filed in State Court,, Plaintiff alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution, thereby raising federal claims. See, Rutgers' Notice of Removal, **Ex. "A"** at ¶ 14. The claims asserted under the Fourth and Fourteenth Amendments to the U.S. Constitution – explicit federal question claims in Plaintiff's own Verified Complaint – are surely sufficient to support federal question removal. Moreover, Plaintiff's Opposition Brief to Rutgers Order to Show Cause application asserts additional constitutional violations against Rutgers under the Ninth Amendment. See, Plaintiff's Opposition Brief, p. 8.

**Norris McLaughlin, P.A.**

Hon. Claire C. Cecchi, U.S.D.J.
August 5, 2025
Page 3

Federal courts' exercise of their jurisdiction is a matter of obligation, not choice. Accordingly, "[w]hen a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction[.]" <u>Willcox v. Consol. Gas Co. of New York</u>, 212 U.S. 19, 40 (1909).

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. This District Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

On June 27, 2025, Plaintiff filed a Verified Complaint asserting violations of the United States Constitution and an Order to Show Cause ("OTSC") seeking restraints against Rutgers UBHC and the Piscataway Police Department. On July 16, 2025, the State Court granted Plaintiff's OTSC and entered an *Ex Parte* Order that temporarily restrained and enjoined Rutgers from "any and all contact with Plaintiff and from engaging in any further conduct of the type alleged in the Verified Complaint, including but not limited to visits to Plaintiff's residence, except by lawful process or court order." <u>See</u>, Rutgers' Notice of Removal, **Ex. "E"**.

**Norris McLaughlin, P.A.**

Hon. Claire C. Cecchi, U.S.D.J.
August 5, 2025
Page 4

On July 25, 2025, this matter was properly removed pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 based on Plaintiff's assertion, in the Verified Complaint, of claims alleging violations of the Fourth and Fourteenth Amendments United States Constitution. <u>See</u>, Rutgers' Notice of Removal, **Ex. "A"** at ¶ 14.

This Court has jurisdiction over Plaintiff's Verified Complaint, and therefore this Court also has jurisdiction over the State Court *Ex Parte* Order that issued temporary restraints against Rutgers. Pursuant to 28 U.S.C. § 1450:

> "[w]henever any action is removed from a State court to a district court of the United States ... [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect **until dissolved or modified by the district court**."

28 U.S.C. § 1450 (emphasis added).

"After removal, the federal court 'takes the case up where the State court left it off.'" <u>Granny Goose Foods, Inc.. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70</u>, 415 U.S. 423, 436 (1974) (quoting <u>Duncan v. Gegan</u>, 101 U.S. 810, 812 (1879)). Once removed to federal court, "it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." <u>Id</u>. As the Supreme Court of the United States has explained, Section 1450 impliedly recognizes a "district court's authority to dissolve

Norris McLaughlin, P.A.

Hon. Claire C. Cecchi, U.S.D.J.
August 5, 2025
Page 5

or modify injunctions, orders, and all other proceedings had in state court prior to removal." Id.; see also First Atl. Leasing Corp. v. Tracey, 128 F.R.D. 51, 54 (D.N.J.1989).

This Court should retain jurisdiction since this case is based on federal claims and there is no basis for a remand. As Plaintiff himself concedes in his August 3, 2025 letter to the Court, federal courts have the authority in removed cases to revisit temporary restraining orders entered by the state court, and, if appropriate, vacate or modify them. Given the importance of the statutory mental health screening role played by Rutgers UBHC to public safety, Rutgers urges this Court to retain jurisdiction and to dissolve the temporary restraints issued *ex parte* by the State Court and determine whether to issue a preliminary injunction preventing Rutgers UBHC from carrying out that function pending final resolution of this case.

        Respectfully submitted,

        /s/ Edward G. Sponzilli
        Edward G. Sponzilli

cc:   John Fakla, Pro Se Plaintiff (via Certified Mail)