**August 5, 2025**

Hon. Claire C. Cecchi, U.S.D.J.
District Court of the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

**Re: Fakla v. University Behavioral Health Care, et al.**
Civil Action No.: 2:25-cv-13764

**Dear Judge Cecchi:**

"Plaintiff respectfully submits this response to the Court's August 4, 2025 Order to Show Cause. Due to the volume of supporting authority and time constraints as a pro se litigant, this brief is submitted slightly past the 2:00 p.m. deadline with respect and request for consideration."

This letter brief is respectfully submitted by Plaintiff John Fakla, pro se, in response to Defendant Rutgers' August 5, 2025 objection to the Court's August 4, 2025 Order to Show Cause. Plaintiff urges the Court to remand the matter to the Superior Court of New Jersey, Middlesex County, where the underlying injunctive relief was lawfully issued under the state's well-established police powers.

**I. Rutgers Has Failed to Demonstrate Federal Preemption**

Rutgers argues federal jurisdiction under 28 U.S.C. § 1331 because the Verified Complaint references the Fourth and Fourteenth Amendments. This argument is incomplete and fails under long-settled law. As held in *Freedom From Religion Foundation v. Morris County Board of Chosen Freeholders*, Civ. No. 2:16-cv-00185-JMV-MF (D.N.J. Mar. 18, 2016):

"A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."
(*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)).

Rutgers has not shown that federal law "wholly displaces" New Jersey's ability to enjoin unlawful psychiatric screenings under state procedural and injunctive relief standards. There is no federal statute—mental health-related or otherwise—that establishes complete preemption. The *Freedom From Religion* court found no such preemption even in the face of the Fourteenth Amendment and RLUIPA claims. This case aligns perfectly with that precedent.

**II. No Substantial Federal Question Exists Under Grable**

Rutgers also fails to meet the narrow *Grable* standard. As reiterated in *MHA LLC v. HealthFirst, Inc.*, No. 15-1715 (3d Cir. 2015), federal jurisdiction does not attach unless a necessary element of the state-law claim "requires construction of federal law." Here, the state TRO was issued under New Jersey Court Rule 4:52-1 based on facts evidencing a pattern of unlawful harassment—not based on any federal law analysis.

This case does not turn on any substantial federal issue. The relief Plaintiff seeks is grounded in New Jersey constitutional, civil, and procedural law—rooted in state authority to regulate medical institutions and protect individuals from retaliatory state conduct.

### III. This Case Is Not About the Screening Law—It's About Its Weaponization

Plaintiff emphasizes that this action is not a challenge to the legitimacy of New Jersey's screening framework under N.J.S.A. 30:4-27.1 et seq. Instead, it seeks protection against a pattern of abuse in which Rutgers UBHC and affiliated law enforcement have used the screening law as a weapon to suppress Plaintiff's legal activity.

Screenings have occurred without predicate danger, court order, or medical justification—often triggered by informal police complaints tied to political or personal motives. The conduct is retaliatory, not clinical. The harm is immediate and irreparable.

### IV. Rutgers Is Engaging in Strategic Forum Shopping

Rutgers made no effort to challenge the TRO in state court before removal. It instead circumvented the state court's jurisdiction by removing the matter, then sought to vacate the TRO in federal court—an obvious attempt to avoid a full hearing before a New Jersey judge.

This tactic disturbs the "congressionally approved balance of federal and state judicial responsibilities" and should be rejected under the doctrine reaffirmed in *Grable* and *Empire Healthchoice*.

### Conclusion

Plaintiff respectfully requests that this Court:

1. Decline jurisdiction under 28 U.S.C. § 1331 and § 1441;

2. Find that Rutgers failed to demonstrate complete preemption;

3. Reject the application of *Grable* jurisdiction; and

4. Remand the matter to the Superior Court of New Jersey, Middlesex County, for continued proceedings on the injunctive relief.

Respectfully submitted,
**/s/ John Fakla**
John Fakla, Pro Se
521 Norwich Court
Piscataway, NJ 08854
JFakla37@gmail.com
(732) 754-9627