NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN FAKLA, | |
| Plaintiff, | Civil Action No. 25-13764 |
| v. | **ORDER** |
| UNIVERSITY BEHAVIORAL HEALTH CARE, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court by way of a dispute between pro se plaintiff John Fakla ("Plaintiff") and defendants University Behavioral Health Care ("UBHC"), a state-designated mental health screener, and the Piscataway Police Department ("PPD")[1] (collectively, "Defendants") concerning Defendants' alleged visits to Plaintiff's home.

**WHEREAS** on June 27, 2025, Plaintiff filed a complaint in the Superior Court of New Jersey, Middlesex County seeking a temporary restraining order ("TRO") and a permanent injunction ("PI") enjoining Defendants from making "any contact" with Plaintiff absent "express court permission." ECF No. 1-2, Ex. A ¶ 16 ("Cmpl."). The complaint alleges that Defendants "banged on" Plaintiff's door and "demanded to speak with him," causing "severe emotional distress." *Id.* ¶ 7–9. Plaintiff states he has not "committed any acts" warranting Defendants' "mental health intervention." *Id.* ¶ 10; and

**WHEREAS** on July 16, 2025, the state court granted Plaintiff's request for a TRO as to the relief sought against UBHC. ECF No. 1-2, Ex. E. The court additionally ordered UBHC to

---

[1] Although named in the complaint, PPD does not appear to have been served or entered an appearance. *See* ECF No. 1 ¶ 6.

appear and show cause on August 4, 2025, why Plaintiff's request for a PI should not be granted. *Id.* at 1. The TRO was to remain in effect until that time. *Id.* at 2; and

**WHEREAS** UBHC does not appear to have challenged that ruling in the state court. *See* ECF No. 1. Instead, on July 25, 2025, UBHC removed the action to this Court pursuant to 28 U.S.C § 1441 without allowing for the state court to further address the injunction. *Id.* UBHC then moved for this Court to vacate the state court's TRO. ECF No. 6. Plaintiff filed an opposition to UBHC's motion and contested its removal of the matter to this Court. ECF No. 8; and

**WHEREAS** on August 4, 2025, this Court issued an Order to Show Cause why this matter should not be remanded to the state court to allow that court to address any challenges to its TRO. ECF No. 9. The Order directed that this matter shall be remanded to the Superior Court of New Jersey, Middlesex County, the Honorable J. Randall Corman, J.S.C. if no objections to remand were received. *Id.* at 2; and

**WHEREAS** on August 5, 2025, UBHC filed an objection to this Court's proposed remand. ECF No. 11. UBHC argues that remand is improper because this Court has subject matter jurisdiction over this action. Specifically, UBHC claims this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff refers to the Fourth and Fourteenth Amendments to the Constitution of the United States. *Id.* at 4; and

**WHEREAS** on the same day, Plaintiff responded in support of this Court's proposed remand. ECF No. 13. Contrary to UBHC's assertion, Plaintiff argues that this Court does not have federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at 1. According to Plaintiff, the relief he seeks is limited to claims under "New Jersey constitutional, civil, and procedural law." *Id.* at 2. He specifically challenges the manner in which N.J.S.A 30:4–27.1, et seq., New Jersey's "screening

2

framework," has been enforced against him. *Id.* Thus his complaint is "rooted in state authority"—not federal law. *Id.*; and

**WHEREAS** this Court does not have federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under state law. Although Plaintiff's complaint "references" the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff explains that his relief is "grounded" in state law. ECF No. 13 at 2. Insofar as those federal provisions are cited, moreover, the Court notes that it is not "bound by the label attached by a party to characterize a claim." *Jarbrough v. Att'y Gen. of U.S.*, 483 F.3d 184, 189 (3d Cir. 2007). Rather, the Court "look[s] beyond the label to analyze the substance of the claim." *Id.* Here, as Plaintiff himself asserts, the "substance" of his claim stems from state sources of law. And because Plaintiff's claims are premised on state law, there is no federal question jurisdiction under 28 U.S.C. § 1331. *Francesca v. Attanasio*, No. 9-1774, 2009 WL 3297554, at *2 (D.N.J. Oct. 13, 2009) ("The claims asserted by Plaintiffs are grounded in state law, and do not invoke federal question jurisdiction."); and

**WHEREAS** furthermore, as Plaintiff indicates, his allegations do not amount to a claim under the Fourth Amendment sufficient to confer jurisdiction. To establish federal question jurisdiction, a federal claim must be "colorable." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006). Here, Plaintiff alleges that Defendants "banged" on his door and "demanded to speak with him." Cmpl. ¶ 9. Although this may establish a claim under the state laws that Plaintiff invokes, officers are "entitled to 'knock and talk' with people in a residence" without thereby implicating the Fourth Amendment. *Haberle v. Troxell*, 885 F.3d 170, 176 (3d Cir. 2018); *see also Florida v. Jardines*, 569 U.S. 1, 8 (2013) ("[A] police officer not armed with a warrant may approach a home and knock[.]"). So even if—as UBHC seeks—Plaintiff's complaint is construed as relying on the

3

Fourth Amendment, it does not establish a "colorable" claim under that provision sufficient to provide jurisdiction. *See Tilli v. Manorcare Health Servs.*, 419 F. App'x 152, 153 (3d Cir. 2011) (affirming finding of no subject matter jurisdiction where plaintiff "had not stated any colorable federal claim"); and

**WHEREAS** Plaintiff has also not alleged a claim under Fourteenth Amendment to allow for federal question jurisdiction. The Fourteenth Amendment provides that the protections of the Fourth Amendment apply "against the states." *Torres v. Madrid*, 592 U.S. 306, 314 (2021). Construed in line with UBHC's arguments, therefore, Plaintiff mentions the Fourteenth Amendment because Defendants are state actors; the Court does not otherwise perceive a Fourteenth Amendment claim in the complaint. But as noted above, Plaintiff does not allege a colorable Fourth Amendment claim; and

**WHEREAS** in the absence of federal question jurisdiction, the Court lacks subject matter jurisdiction.[2] And because it lacks jurisdiction, the Court remands the matter back to state court pursuant to 28 U.S.C. § 1447(c).

Accordingly, **IT IS** on this 6th day of August 2025,

**ORDERED** that this matter shall be remanded to the Superior Court of New Jersey, Middlesex County, the Honorable J. Randall Corman, J.S.C.; and it is further

**ORDERED** that the Clerk of Court shall mark this matter closed.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.**

---

[2] Neither party claims that this Court has subject matter jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. § 1332. *See* ECF No. 1. Nonetheless, the Court notes that it does not have diversity jurisdiction because all parties appear to be citizens of New Jersey. Cmpl. ¶¶ 1–3.